UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILMER DANE

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE AND
JEFFERY GLEASON

CIVIL ACTION

NO. 07-138-BAJ-SCR

## RULING

The Court has carefully considered the petition, the record, the law applicable to the action, and the Report and Recommendation of the magistrate judge, dated June 15, 2010 (doc. 57). Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board of Supervisors"), has filed an objection to the Report and Recommendation (doc. 58), and plaintiff, Wilmer Dane, filed an opposition to defendant's objection (doc. 60).

The Board of Supervisors objects to the magistrate judge's findings and recommendations regarding plaintiff's retaliation claim. Specifically, defendant objects to the magistrate judge's finding that a genuine issue of material fact exists with regard to the causation element of the retaliation claim. According to plaintiff, "[t]he focus of LSU's motion is that even if Dane engaged in protected activity, Dane is unable to show a causal connection between these complaints and the decisions which were made about him because Dane cannot show that Jeff Gleason knew

1

about Dane's complaints" (doc. 58-1, p. 8). Defendant argues that the undisputed evidence demonstrates that Jeffery "Gleason was not told about Dane's complaints until January 2006, after Gleason had made the decision to eliminate Dane's position" (doc. 58-1, p. 9). Jeffery Gleason stated that "[at] the time I made the decision, in December 2005, to eliminate Austin, Robison, and Dane's positions, I was not aware that they had met with my supervisor, James Fernandez, to express concerns about me" (Gleason Affidavit, doc. 41-3, ¶ 18).

Plaintiff's supervisor, James Fernandez, however, was asked at his deposition about a meeting he held in "October, November, September of '05 with the [Fire and Emergency Training Institute] staff." (Fernandez depo. p. 47; doc. 44-9, p. 2). Fernandez stated that the staff was concerned "about the potential of Jeff being appointed," and he also stated that, "[t]hey went into things that had happened in the past dealing with harassment issues and things like that." (Id. at pp. 48-49; pp. 3-4). When asked who, specifically, had complained about harassment issues, Fernandez stated "[i]f I remember right, it was Carolyn and maybe Will [sic]." (Id. at p. 49; p. 4). Later in the deposition, Fernandez was asked, "[o]ther than testifying that you went to HR, what, if anything, did you do with the information that was obtained at the meeting; did you discuss it with anyone else?" Mr. Fernandez responded, "I probably – I probably told Jeff [Gleason] that some of the staff members had come over to see me." (Fernandez Depo., p. 60, doc. 44-9, p. 13).

Viewing the above facts in the light most favorable to the non-movant and

2

drawing all reasonable inferences in his favor, the Court finds that reasonable jurors could conclude that Jeffery Gleason was made aware of Dane's complaints before he made the decision to eliminate Dane's position. Accordingly, the court concludes that plaintiff has set forth specific facts to establish that a genuine issue of fact exists as to whether Gleason knew of Dane's complaints about him when he made the decision to eliminate Danes position at the Fire Emergency and Training Institute.[1]

Defendant also argues that the magistrate judge erred by finding "that there was a material issue of fact with regard to LSU's legitimate, non-discriminatory reasons for Gleason's reorganization decision which included the elimination of Dane's position," because the magistrate judge "erroneously" concluded that Gleason's reorganization decisions did not reduce the number of Assistant Directors at the Fire and Emergency Training Institute (doc. 58, pp. 9-10). However, as the magistrate judge noted in the Report and Recommendation, "[i]t is now apparent from the Fifth Circuit's analysis in *Smith* that a plaintiff may also satisfy the burden of proving retaliation under Title VII by demonstrating that unlawful retaliation was *a* motivating factor in the employer's adverse employment decision" (doc. 57, p. 14, citing *Smith v. Xerox Group*, 602 F.3d 320 (5th Cir. 2010) (emphasis added). Thus,

---

[1]After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). "If the defendant in a . . . civil case moves for summary judgment . . . , [the inquiry is] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson*, 477 U.S. at 252.

even if defendant has set forth a legitimate, non-discriminatory reason for the action, the question before the Court is whether plaintiff has established a genuine issue of fact that retaliation was also a motivating factor in the decision. Viewing the facts noted above in the light most favorable to the non-movant and construing all reasonable inferences in his favor, the Court finds that plaintiff has established a genuine issue of fact as to whether retaliation was a motivating factor in the decision to eliminate plaintiff's position at the Fire and Emergency Training Institute.

With the exception of the portions of the Report and Recommendation addressed above, no objection has been made to the Report and Recommendation of the magistrate judge and de novo findings are, therefore, not required under 28 U.S.C. § 636.

For all of the foregoing reasons, the Court hereby approves the Report and Recommendation of the magistrate judge, and, with the addition of the findings noted *supra,* adopts it as the Court's opinion herein.

## CONCLUSION

Accordingly, the motion by defendant, Jeffery Gleason, for summary judgment (doc. 41) is hereby **GRANTED**. The motion by defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, for summary judgment (doc. 40) is hereby **GRANTED** insofar as it seeks dismissal of plaintiff's state law whistleblower claim under LSA–R.S. §23:967 and dismissal of plaintiff's

state law claim of intentional infliction of emotional distress, but is hereby **DENIED** insofar as the motion seeks dismissal of plaintiff's Title VII retaliation claim.

Baton Rouge, Louisiana, September 9, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA